No. 531

MUELLER, Admr. v. CHANCE

Ohio Appeals, 1st Dist., Butler Co.

No. 334.  Decided Dec. 6, 1926

884.  PAROL EVIDENCE—Where a receipt recites that it is on account but does not say on what account or that it is for a balance of all claims and demands owing, parol evidence is admissable.

480.  EVIDENCE—1. If a party offers evidence of conversations or admissions of the opposite party, the latter may testify concerning the same conversations or admissions.

2. Where evidence which is wrongfully admitted proves to be cumulative evidence of an admitted fact the wrongful admission is not prejudicial error.

First Publication of this Opinion

PER CURIAM

This action was for money claimed to be due from the estate of George Lipscomb, deceased, for the unpaid balance upon a contract of settlement, made between Chance and Lipscomb during Lipscomb's lifetime.

The evidence showed an agreement for the settlement of a claim for damages for personal injury. The question in issue was the amount that was agreed upon between the parties.

A jury was waived and the court found for Chance, who was the plaintiff below. Plaintiff in error claims that the receipt given by the plaintiff below shows a written settlement that cannot be impeached by parol evidence, citing the case of Jackson v. Eley, 57 OS. 450.

Plaintiff herein also claims error in the admission of testimony as to alleged conver-

sations with the deceased, and cites the case of Jackson v. Eley, supra.

The Court of Appeals affirmed the Common Pleas and held as follows:

1. That the receipt in question recites that it is on account and does not say what account or that it is for a balance of all claims and demands owing, and that it is not error to admit parol evidence in such a case.

2. That the evidence alleged to have been wrongfully admitted was properly admitted under the fourth exception of 11494 GC. with the exception of one question, and that this one question and answer related to a receipt given at a later time, which receipt was introduced in evidence. This question and answer would merely be cumulative evidence of an admitted fact and inconsequential.

Judgment affirmed.

(Buchwalter, PJ., Hamilton and Cushing, JJ., concur).

Attorneys—Clinton D. Boyd for Mueller; C. W. Elliott for Chance; both of Middletown.